CHARLES DUTCHBURN *v.* DORA DUTCHBURN.

October Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 1, 1921.

*Opinion Evidence As to Ownership—Error When Opinion Based On Hearsay—Cross-examination.*

1. When ownership is a material and ultimate fact to be determined, and is controverted at the trial, a witness should testify to the pertinent facts within his knowledge, and not give an opinion or conclusion as to such ownership based thereon.

2. In an action to recover money taken from plaintiff's house by his daughter, error in the admission of her testimony that the money belonged to her deceased mother, who, she claimed gave it to her, was not cured because she stated the facts on which her opinion was based, where she admitted on cross-examination that all she knew as to how the money was accumulated was what her mother told her.

3. In such case, it was not error to allow the defendant to show in cross-examination of the plaintiff that his family consisted of his wife and six children, and that by their joint efforts he had acquired a substantial property, since the fact that the wife had borne the children and had done her share toward the accumulation of the property bore on the probability of his having allowed her to have the money as her own.

ACTION OF CONTRACT. Plea, the general issue. Trial by jury in St. Albans City Court, Franklin County, *Nathan N. Post,* City Judge. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*A. B. Rowley* and *G. F. Ladd* for the plaintiff.

*C. G. Austin & Sons* for the defendant.

POWERS, J. This plaintiff seeks to recover the sum of one hundred and twenty-five dollars, which the defendant admits she took from a trunk in the former's house. The plaintiff claimed that this money belonged to him; the defendant, who is the plaintiff's daughter, claimed that the money belonged to her mother, and that, shortly before her death, her mother gave it to her, the defendant. So the question is: Did the plaintiff own that money?

The plaintiff lived with his family on a farm in Montgomery. All the property there belonged to him, and the wife had no property or means of acquiring any, except (as there was evidence tending to show) that she raised chickens and had what money she received from the sale of eggs and poultry to use as her own, and she kept this money in her trunk, separate and apart from her husband's money, which was kept elsewhere.

[1, 2]   The defendant was a witness in her own behalf, and, subject to exception, was allowed to testify that the money in question belonged to her mother.   This was error.   *Jacquith Co.* v. *Shumway's Estate,* 80 Vt. 556, 69 Atl. 157.   The rule is correctly stated in *Cate* v. *Fife,* 80 Vt. 404, 68 Atl. 1, and amounts to this:   When ownership is a material and ultimate fact to be determined, and is controverted at the trial, a witness should testify to the pertinent facts within his knowledge, and not give an opinion or conclusion based thereon.   This is admitted by the defendant, but it is urged in her behalf that the error was cured because the witness stated the facts relative to the title to the money, which tended to show that it belonged to her mother, and thereby fully disclosed the facts on which her opinion was based.   And our attention is called to what was said to that effect in the Cate Case.   Assuming that the defendant's position involves a sound proposition of law, it will not avail in this case, for the transcript, which is made controlling, shows that the witness admitted in cross-examination that all she knew as to how this money was accumulated was that her mother told her about it.

[3]   By cross-examining the plaintiff, the defendant was allowed to show that his family consisted of the wife and six children, and that by their joint efforts the plaintiff had acquired a substantial property, estimated at fifteen thousand dollars.   To this the plaintiff excepted.   We cannot say that error resulted from this ruling.   The fact that the wife had borne these children to the plaintiff, and that she had done her share toward the accumulation of the property, bore with more or less force upon the probability of his having allowed the wife to have the egg and chicken money as her own.

*Reversed and remanded.*